J-S26012-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMY ALLEN COOL | : | |
| | : | |
| Appellant | : | No. 1123 WDA 2019 |

Appeal from the PCRA Order Entered June 24, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002709-2012

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                           FILED JULY 10, 2020

Jeremy Allen Cool (Appellant) appeals pro se from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court determined that Appellant's petition was untimely.  The court recited the factual and procedural history underlying this appeal as follows:

> [Appellant] was convicted after a jury trial of eleven (11) counts of sexual offenses against two (2) minor victims. [Appellant] was sentenced on October 25, 2013 within the standard range of the sentencing guidelines to an aggregate term of 22 to 44 years of incarceration.  The Pennsylvania Superior Court affirmed the Judgment of Sentence in an unpublished Memorandum Opinion on November 14, 2014.  A Petition for

_____

[*] Retired Senior Judge assigned to the Superior Court.

Allowance of Appeal to the Pennsylvania Supreme Court was denied on June 3, 2015.

[Appellant's] first PCRA Petition was filed on May 26, 2016 and counsel was appointed. A [Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc)] "no-merit" letter was submitted by counsel on September 26, 2016, and the [PCRA c]ourt issued the Final Order dismissing and denying the Petition on November 18, 2016. [Appellant] took an appeal to the Superior Court from that Order. [Appellant] filed a Motion on April 13, 2017 requesting that his "Complete Case File" be turned over to him by his PCRA counsel, William Hathaway. The Superior Court issued an Order on April 27, 2017 remanding the case for 30 days to the [PCRA c]ourt, during which time the [PCRA] court was ensure all materials of record were to be provided to [Appellant] for the prosecution of his appeal. Further, briefing schedules were suspended with a new briefing schedule to be set once the record was returned to the Superior Court. This [PCRA c]ourt ordered Attorney Hathaway to forward his complete case file to [Appellant] on or before May 30, 2017. Attorney Hathaway notified the [c]ourt by letter dated May 16, 2017 that he had forwarded his complete file to [Appellant]. [Appellant], on May 24, 2017, filed a Motion with the [c]ourt claiming that the materials he had received from Attorney Hathaway were not all of the materials of record necessary for him to prosecute his appeal. [Appellant] wanted the [c]ourt to compel Attorney Hathaway to locate and turn over his complete case file. The Motion was denied on June 19, 2017. [Appellant], prior to that ruling, filed a Motion with the Superior Court on June 1, 2017 to "Compel PCRA Counsel to Locate and Turn Over the Petitioner's Complete Case File." The Superior Court denied that Motion but said [Appellant] may argue lack of documentation in his pending appeal.

The Superior Court ruled on the appeal on December 22, 2017. The Superior Court remanded the case to the lower court sua sponte only as to the "consideration of the applicability of [Commonwealth v.] Muniz [164 A.3d 1189 (Pa. 2017)] to the Petitioner's sentence." Commonwealth v. Jeremy Allen Cool, No. 1926 WDA 2016 p.6. [Appellant] raised a myriad of issues on appeal of his PCRA as to ineffective assistance of counsel (including PCRA counsel), all of which were specifically rejected by the Superior Court. The Superior Court, in its December 22, 2017 Opinion, affirmed the "PCRA court's order with respect to the other

issues raised by Appellant in his PCRA petition." Commonwealth v. Jeremy Allen Cool, No. 1926 WDA 2016, p.7. [Appellant] had argued PCRA counsel's ineffectiveness in his appeal on the basis of the failure to receive his complete case file prejudiced him from being able to raise all of the issues of ineffectiveness of counsel. The Superior Court ruled that PCRA counsel's ineffectiveness cannot be raised for the first time on appeal, but must be raised in a response to the lower court's Rule 907 Notice to Dismiss. [Appellant] did not file such a response and so the Superior Court found the claim unreviewable. Id., pp.13-14. A Petition for Allowance of Appeal to the Supreme Court was not filed.

The PCRA Petition in the instant appeal is [Appellant's] second, and was filed March 2[8], 2019. The [PCRA c]ourt filed its Opinion and Notice of Intent to Dismiss PCRA Without Hearing Pursuant to PA.R.Crim.P. 907(1) on May 14, 2019, and issued the Final Order June 24, 2019.

PCRA Court Opinion, 10/9/19, at 1-3 (footnote omitted).

On July 22, 2019, Appellant filed a timely pro se notice of appeal. Both Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925. On appeal, Appellant presents a single question for review:

> I. DID THE PCRA COURT ABUSE ITS DISCRETION WHEN IT FAILED TO COMPLY WITH THE SUPERIOR COURT'S ORDER MANDATING "PCRA COURT SHALL ENSURE THAT THE APPELLANT IS PROVIDED WITH ALL MATERIALS OF RECORD NECESSARY FOR THE PROSECUTION OF THIS INSTANT APPEAL"?

Appellant's Brief at 4.

Appellant recognizes that in reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. See Appellant's Brief at 2; see also Commonwealth v. Hanible, 30 A.3d 426, 438 (Pa. 2011). It is well settled

that we view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. Id. "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions." See Commonwealth v. Mason, 130 A.3d 601, 617 (Pa. 2015).

With regard to the timeliness of his second petition, Appellant states only that it "was timely filed and this issue was properly raised and preserved during the Appellant's first PCRA petition." Appellant's Brief at 11. Appellant fails to recognize that a petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

(i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the

- 4 -

petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." Commonwealth v. Derrickson, 923 A.2d 466, 468 (Pa. Super. 2007). Thus, we lack jurisdiction unless Appellant has pled and proven one of the three timeliness exceptions of Section 9545(b)(1). See id.

It is well settled that no court has jurisdiction to hear an untimely PCRA petition. See Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003). Here, Appellant does not claim or argue an exception to the PCRA time-bar prescribed in 42 Pa.C.S.A. § 9545(b)(1). In his petition, where the typed text reads: "ALTHOUGH THIS PCRA PETITION IS BEING FILED MORE THAN ONE YEAR AFTER THE DATE OF FINAL JUDGMENT, I HEREBY ALLEGE AND CAN PROVE THAT THE FOLLOWING EXCEPTION AS BEEN MET: . . . "; in each of the successive three statutory sections listed, "N/A" is handwritten, presumably by Appellant, to indicate that the statutory exceptions are not applicable. See PCRA Petition, 3/28/19, at 3. We therefore agree with the PCRA court that Appellant's second petition, filed March 28, 2019, is untimely, because Appellant's judgment of sentence became final on June 3, 2015, one year after the Supreme Court denied his petition for allowance of appeal from this Court's decision affirming his judgment of sentence. See PCRA Court Opinion, 10/9/19, at 1, 4; Commonwealth v. Cool, No. 1898 WDA 2013 (Pa.

Super. Nov. 14, 2014) (unpublished memorandum), appeal denied, 582 WAL 2014 (Pa. filed June 3, 2015).

Moreover, we agree with the PCRA court that even if the underlying petition was timely, the "issue raised by [Appellant in his second PCRA petition] was raised in his appeal of the denial of his first PCRA petition." PCRA Court Opinion, 10/9/19, at 4 n.2. Appellant appealed the issue without success, and did not seek allowance of appeal with the Supreme Court. Commonwealth v. Cool, No. 1926 WDA 2016 (Pa. Super. Dec. 22, 2017) (unpublished memorandum).

For the above reasons, we affirm the dismissal of Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2020